# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA | CASE NO. 1:07CR00091 LJO |
| Plaintiff, | ORDER ON NINTH CIRCUIT REMAND ON DEFENDANT'S MOTION FOR RELEASE PENDING APPEAL |
| v. | |
| STEVEN HARRILL, | |
| Defendant. | |

This Court has received and reviewed the Defendant's Motion for Release Pending Appeal. The Ninth Circuit Court of Appeals has remanded the motion to this District Court for handling, a remand required since the motion was filed after the Notice of Appeal had been filed.

Historically, on July 18, 2008, the Defendant pled guilty to Count one of a six-count Indictment charging him with the violation of 21 USC 846, 841(a)(1), 841(b)(1)(A) and 18 USC 2, Conspiracy to Distribute and Possess With the Intent to Distribute Methamphetamine and Aiding and Abetting. At sentencing, there was no dispute but that the applicable offense level was 29, the criminal history category was I, and the guideline range was 87-108 months, with a recommendation of an 87 month prison term by probation in the Presentencing Report September 11, 2008.

The sentencing took place on February 27, 2009. Over the objection of the Government, the Court gave the Defendant what it termed "the break of a lifetime." Based on what the Court believed to be a defendant who had finally come to terms with his addiction, I explained that the Court was going to bet on the defendant, "but not without your betting on yourself." (sentencing

transcript, page one, lines 19-20). The Court placed the defendant on probation for five years, with the understanding and agreement that "...if you violate one condition, one term of probation during the entire five years, even if it's on the fourth year, at the 11th month, at the eleventh hour, I am going to max you out...the maximum is five years imprisonment... I'm telling you that now so you will understand the risk that you have if you do not stay on the straight and narrow." The defendant acknowledged that he understood and had no questions and accepted the terms and conditions. (sentencing transcript, page 2, lines 9-15).

On October 29, 2009, a petition was filed by probation alleging 4 counts of violations of probation:

1. New Law violation (Driving under the influence of alcohol)
2. Unauthorized travel out of the district, without the permission of the Court or probation
3. Failure to follow the instructions of probation concerning the taking of medication, followed by being untruthful to the probation officer
4. Failure to participate in drug testing as directed.

On March 16, 2010, the defendant admitted all of the violations, including the New Law Violation (which had been admitted in the state court as a "dry reckless.").

On April 30, 2010, the defendant was sentenced to the statutory maximum of five years pursuant to 18 USC 3583(e), pursuant to the agreement at the time of the original sentencing on February 27, 2009.

At the April 30, 2010, the Court was (and is) aware of the lengthy criminal record of the defendant which includes convictions for false identification to a police officer, felony forgery, misdemeanor forgery, driving under the influence of alcohol or drugs, receiving stolen property, numerous convictions for insufficient funds/checks, felon in possession of a firearm, and petty theft with a prior. The defendant had been a heavy user of drugs for ten years. The Court was also aware of the 18 USC 3553(a) factors outlined by probation, and by the defense counsel.

The Motion for Release Pending Appeal is DENIED, not only for the foregoing reasons and history, but also for the following reason: Even if the Ninth Circuit Court of Appeals were to

1 order a modification of some sort of the sentencing for reasons not anticipated herein, the
2 Defendant would still be sentenced to a very lengthy period of time for his violations of
3 probation, and therefore the time spent in custody now, pending a decision by the Ninth Circuit
4 would, without question, be required to be served in any event.
5       Finally, this Court will not comment on the several incorrect assertions made by defense
6 counsel at page 6 of her moving papers, in that they were discussed on-the-record by both the
7 Court and the defense counsel on May 7, 2010.
8       IT IS SO ORDERED.

**Dated:   May 24, 2010**                    /s/ Lawrence J. O'Neill
                                                  UNITED STATES DISTRICT JUDGE